## Judicial Salaries

94

WOODSIDE, Attorney General, January 7, 1952.—
Although the law relating to the salaries of judges has
been settled by judicial decision since 1885, there re-
mains considerable confusion concerning it. The prac-
tice of the Auditors General for many years has been
to pay most, although not all, as though their salaries
were payable on a current monthly basis. This is not
in accordance with law and results in overpayment in
some cases, and underpayment in others, of as much
as $300.

As the Governor has signed a bill increasing the
salaries of all of the judges of the Commonwealth ef-
fective January 7, 1952, and as on that date, a number
of new judges will take office and others retire, I think
it is important that an effort be made to pay judges
in accordance with the law even though it may require
a change in your bookkeeping methods and possibly
some adjustments in the salaries being paid to judges
now serving.

In Commonwealth ex rel. v. Niles et al., 2 Chester
442, 443, and 2 Lancaster 187, 188 (1884), President
Judge Simonton of the Court of Common Pleas of
Dauphin County decided "that the annual salary at-
tached to the judicial office is for an official, and not for

a calendar, year". In that case it appeared that Judge Yerkes became a judge of the seventh judicial district, on January 7th, the first Monday of January, 1884. When he applied for the first installment of his salary it was refused him unless he would consent to a deduction of $66.66 paid his predecessor for the six days in January of 1884 prior to the first Monday.

The court said that to withhold this sum was error and stated "that the official year runs from the first Monday in January of one year to the first Monday in January of the next year, without regard to the day of the month on which the first Monday may occur in either year. . . . By 'annual salary' in this act must be intended the salary for the official year from the first Monday to the first Monday, whether this be a few days less or more than a calendar year".

The Act of January 5, 1952, P. L. 1821, (No. 484), which the Governor has just signed, fixes the annual salaries to be paid to the various judges.

Section 11 of this act provides that these salaries shall be paid monthly by warrant of the Auditor General.

This is a reënactment of a similar provision in many previous acts.

Under authority of the above case the annual salary referred to is the salary for the official and not the calendar year.

The rule for payment of judges is as follows:

*All judges are paid an annual salary provided by statute for an official or fiscal year which begins on the first Monday of January and extends to the first Monday of January in the following calendar year. The annual salary is payable in 12 equal installments.* It is to be noted that most official years will have 52 weeks of 364 days, but approximately every fifth official year will have 53 weeks or 371 days.

Applying the principles set forth in the above case the following rules should be followed:

1. Judges taking office in January of 1952 should receive as their first salary check one twelfth of the annual salary set for each in Act No. 484, supra. Their pay should not be reduced because they take office January 7th instead of January 1st.

2. Judges retiring January 7, 1952, should not be paid salary in addition to the twelfth installment of their last annual salary (their December check). In other words, they are not entitled to salary for the six or seven days they serve in January. Many of these judges, however, may be entitled to adjustment in their salaries because they were improperly paid when they took office.

3. All judges now in office should receive a check for one twelfth of the *new* annual salary as their first check for the official or fiscal year which starts January 7, 1952, and ends January 5, 1953. They should not be paid at the old rate for six or seven days, and at the new rate for the balance of January.

4. If a judge leaves or assumes office on a date other than the first Monday of the year he should be paid the proportionate share of his annual salary based on the number of days he serves in the official or fiscal year in which he assumes or leaves office. The practice of dividing the annual salary by 12 and then taking the number of days served in the calendar month over the total number of days in the month to get the percentage of a monthly pay is erroneous and not according to law.

5. Judges should requisition monthly for one twelfth of their annual salaries due for an official year from the first Monday of January in one year to the first Monday of January in the following year.

You are accordingly advised to follow the above rules.